[No. 24699. Department One. December 4, 1933.]

WEST COAST TELEPHONE COMPANY, *Appellant*, v. THE
DEPARTMENT OF PUBLIC WORKS *et al.*,
*Respondents.*[1]

*Cleland & Clifford*, for appellant.

*The Attorney General, Geo. G. Hannan, Assistant,
John H. Dunbar,* and *John C. Hurspool,* for respondent Department of Public Works.

*J. Y. Kennedy* and *S. J. Brooks,* for respondent city of Everett.

MAIN, J.—This is an appeal from a judgment of the superior court reversing an order of the department of public works and remanding the cause to that department for further proceedings.

July 1, 1932, the department, after a hearing, entered findings of fact and an order wherein it fixed the value of the telephone properties of the West Coast Telephone Company, used and useful in rendering exchange service within the Everett exchange area, and provided a schedule of rates and charges. For the purpose of reviewing the order of the department, the cause was taken before the superior court, and that

[1] Reported in 27 P. (2d) 323.

court, being of the opinion that "Finding No. 8 is so fundamentally wrong that no proper review of the case can be had," entered a judgment reversing the order of the department and remanding the case "to said department of public works for the purpose of further consideration and taking such further action therein as to said department may seem proper." From that part of the judgment reversing the order of the department, there has been no appeal. The West Coast Telephone Company appeals from that portion of the judgment which remands the cause to the department.

The sole question presented upon this appeal is whether the trial court abused its discretion in remanding the case to the department.

■ Rem. Rev. Stat., § 10428, after providing that, if the order of the department is reversed because of failure to receive testimony properly offered, the court shall remand the cause with instructions to receive the testimony and enter a new order, concludes with this sentence:

"The court may, in its discretion, remand any cause which is reversed by it to the commission [department of public works] for further action."

It will be observed that it is in that sentence expressly provided that the court may, in its discretion, remand "any cause" for further action where the order of the department has been reversed. After considering the record in this case and the authorities cited, we are of the view that neither the record nor the authorities would support a holding that the trial court, by making the remand, had abused its discretion. The court was acting in pursuance of express authority given by the statute.

In none of the cases cited by the appellant is the precise question here involved presented or determined.

In none of them is there any reference to a statute like or similar to the statute of this state. This court has not heretofore had the precise question before it, and the cases relied on by the respondent are of little, if any, aid.

The judgment appealed from will be affirmed.

BEALS, C. J., MITCHELL, MILLARD, and STEINERT, JJ., concur.